**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DEXTER HOLLINS,

        Petitioner,

v.                                                                                                                              Case No. 10-11131

CAROL HOWES,

        Respondent.
                                            /

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

Petitioner Dexter Hollins filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, challenges his convictions for two counts of assault with intent to commit murder, breaking and entering an occupied dwelling, and felony firearm. Respondent has filed a Motion to Dismiss on the ground that the petition, delayed by some fourteen years, was untimely. The court finds that the petition was not timely filed and Petitioner is not entitled to equitable tolling. Therefore, the motion will be granted.

**I. Background**

Following a bench trial in Wayne County Circuit Court, Petitioner was convicted as set forth above. On October 30, 1991, he was sentenced as a second habitual offender to 25 to 50 years' imprisonment for each of the assault and breaking and entering convictions, to be served concurrently with one another and consecutively to two years imprisonment for the felony-firearm conviction.

Petitioner did not pursue a direct appeal in the Michigan courts. On December 27, 2007, Petitioner filed a motion for relief from judgment in the trial court. The motion was denied. *People v. Hollins*, No. 91-005594-01-FH (Wayne County Cir. Ct. Sept. 29, 2008). Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied. *People v. Hollins*, No. 288561 (Mich. Ct. App. Apr. 23, 2009). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which also denied leave to appeal. *People v. Hollins*, 485 Mich. 1008 (Mich. Dec. 21, 2009).

Petitioner filed the pending petition for a writ of habeas corpus on March 15, 2010. Respondent has filed a motion to dismiss.

## II. Analysis

Respondent argues that the petition should be dismissed because it was not timely filed. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

2

Petitioner did not file a direct appeal in the Michigan Court of Appeals. His convictions, therefore, became final on October 30, 1992, when the one-year limitations period for filing a delayed application for leave to appeal in the Michigan Court of Appeals expired. *See* Michigan Court Rule 7.205(F). The limitations period for filing a habeas corpus petition commenced on October 31, 1992, and continued to run, uninterrupted, until it expired on October 31, 1993. Petitioner filed a motion for relief from judgment in the trial court on December 27, 2007. That motion, however, did not restart the limitations period nor statutorily toll the already expired limitations period.

Petitioner does not argue outright that he is entitled to equitable tolling of the limitations period. To the extent that he implies that his trial attorney's failure to adequately advise him how to properly file an appeal entitles him to equitable tolling, this claim is without merit. The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 594 U.S. 327, 336 (2007), (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has identified the following five factors to be considered in determining whether a habeas corpus petitioner is entitled to equitable tolling:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

3

*Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004,) (citing *Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001)). "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted). A petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Upon careful consideration of the entire record, the court is not persuaded by Petitioner's arguments. The statute of limitations expired on October 31, 1993. Petitioner waited approximately fourteen years to file a motion for relief from judgment in the trial court. Further, the sentencing transcript shows that Petitioner was fully advised of his rights related to an appeal. The petition does not identify a reason or circumstance for Petitioner's lengthy delay and does not indicate that he lacked either actual or constructive knowledge of the AEDPA's limitation period. *See Vroman v. Brigano*, 346 F.3d 598, 604-05 (6th Cir. 2003). "[A] habeas petitioner is not entitled to have the limitations period equitably tolled based on . . . counsel's failure to pursue an appeal in state court, where the petitioner offered no explanation for his own delays in pursuing habeas relief." *Jones v. Howes*, No. 09-11107, 2010 WL 1136644, *3 (E.D. Mich. Mar. 24, 2010), (citing *Winkfield v. Bagley*, No. 02-3193, 66 F. App'x 578, 583-84 (6th Cir. May 28, 2003)). The record fails to reflect that petitioner acted diligently in pursuing relief or that he lacked notice or constructive knowledge of the one-year filing requirement in federal habeas corpus proceedings. Accordingly, the petition is untimely and Respondent's motion will be granted.

### III. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition is untimely. Therefore, the court denies a certificate of appealability.

### IV. Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period and that equitable tolling of the limitations period is not warranted. Accordingly,

IT IS ORDERED that Respondent's motion to dismiss [Dkt. # 11] is GRANTED and the petition for a writ of habeas corpus is DISMISSED.

IT IS FURTHER ORDERED that Petitioner's "Motion to Vacate Void Judgment and Discharge Petitioner from Illegal Conviction" [Dkt. # 13] is DENIED as moot.

The court DECLINES to issue a certificate of appealability.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: November 22, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 22, 2010, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522