**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEXTER HOLLINS,

        Petitioner,

v.                                                Case No. 10-11131

CAROL HOWES,

        Respondent.
                                   /

**OPINION AND ORDER DENYING PETITIONER'S**
**MOTION FOR RECONSIDERATION**

Petitioner Dexter Hollins filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions for two counts of assault with intent to commit murder, breaking and entering an occupied dwelling, and felony firearm. Respondent filed a Motion to Dismiss on the ground that the petition was not timely filed. On November 22, 2010, the court issued an "Opinion and Order Granting Respondent's Motion to Dismiss and Declining to Issue Certificate of Appealability." Now before the court is Petitioner's Motion for Reconsideration.

To prevail on a motion for reconsideration, the movant must demonstrate a palpable error by which the court and the parties have been mislead, and that correction of the error will result in a different disposition of the case. See E.D. Mich. LR 7.1(h)(3). Petitioner argues that his petition was timely filed because his conviction was not final until December 21, 2009, when the Michigan Supreme Court denied his application for leave to appeal the denial of his motion for relief from judgment. A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not

serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). The one-year limitations period expired over ten years before Petitioner filed his motion for collateral review in state court. Therefore, the filing of a motion for relief from judgment in state court did not toll the already expired limitations period.

Petitioner's remaining arguments for reconsideration amount to a disagreement with the court's decision. A motion predicated on the same issues previously before the court fails to present a ground upon which to grant reconsideration. L.R. 7.1(h)(3); *see also, Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Petitioner fails to demonstrate that the court's decisions dismissing his petition and declining to issue a certificate of appealability were based upon a palpable defect by which the court was misled. Accordingly,

IT IS ORDERED that Petitioner's "Motion for Reconsideration" [Dkt. # 18] is DENIED.

  s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: January 24, 2011

I hereby certify that a copy of the foregoing document was mailed to petitioner Dexter Hollins, 217420, Lakeland Correctional Facility, 141 First Street, Coldwater, MI, 49036, on this date, January 24, 2011, by ordinary mail.

  s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\10-11131.HOLLINS.Motion.Reconsideration.mbc.wpd